Fritz J. Firman, Esq. (State Bar No. 117011)
1503 South Coast Drive, Suite 209
Costa Mesa, CA 92626
Tel: (714) 433-7185
Fax: (714) 662-0302

Attorneys for Judgment Creditor Emilio Ceron

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Shu-Chen Wu<br>Geogiang Yue<br><br><br><br><br><br><br><br><br>                    Debtors. | Case No. 6:22-bk-14173 RB<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN UNDER 11 USC§522(f) MEMORANDUM OF POINTS AND AUTHORITIES DECLARATION OF FRITZ J. FIRMAN**<br><br><br>Date: January 25, 2023<br>Time: 11:00 AM<br>Ctrm: 303 |

## *I. INTRODUCTION*

---

**OBJECTION TO CONFIRMATION OF PLAN**

1

1         The Debtors could have avoided all this litigation, all they had to do was voluntarily

2   release Mr. Ceron's escrow deposit which they were obligated to do. Mr. Ceron was entitled to

3   the return of his deposit. Instead the debtors attempted to steal Mr. Ceron's $25,000 deposit and

4   refused to release the deposit. The debtors forced Mr. Ceron to expend thousands of dollars, on

5   top of his $25,000, in costs and attorneys to attempt to recover his wrongfully withheld deposit.

6

7         Mr., Ceron obtained a judgment against the debtors in the amount of $78,987.52 on

8   February 1, 2022. The escrow funds of $24,445 were released to Mr. Ceron in partial satisfaction

9   of the judgment.

10

11        Rather than satisfy the judgment or try to make some arrangements or settle the case

12  in its infancy, before a small fortune was spent litigating the case, the debtors pressed on. The

13  parties went to mediation on June 8, 2021 in the underlying superior court case.

14

15        On June 29, 2021 Shu-Chen Wu aka Shuchen Susan Wu aka Susan Wu formed a

16  corporation called Global Investments. On August 6, 2021 Shu-chen Wu aka Shuchen Wu aka

17  Susan Wu deeded the property at 7907 Horizon View Drive Riverside CA, 92506 to Global

18  Investment for 0 consideration days before the trial setting conference on August 9, 2021. The

19  trial was held in the first lawsuit on October 20, 2021 and judgment was entered in favor of Mr.

20  Ceron on November 4, 2021. The amended judgment was entered on February 1, 2022.

21

22        The transfer by the debtor to an unfunded or underfunded corporation for no

23  consideration was done with the intent to hinder, delay and defraud Mr. Ceron. On March 15,

24

25

26

27

28

---

**OBJECTION TO CONFIRMATION OF PLAN**

2

2022 Mr. Ceron filed a fraudulent conveyance action in Riverside Superior Court, case number CVRI2201042.

On March 21, 2022 Mr. Ceron recorded a LIS Pendens in office of the county recorder for the county of Riverside. The Debtors homestead was recorded after the notice of LIS Penders.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *II.* **THE PLAN AND THE CASE WERE FILED IN BAD FAITH AND THE CASE SHOULD BE DISMISSED**

Section 1325(a) of the Bankruptcy Code provides: "The Court

shall confirm a plan if —

(3) the plan has been proposed in good faith and not by any means

forbidden by law . . ."

Under this provision, the Debtor has the burden of establishing that his plan was proposed in good faith. *In re Padilla*, 213 B.R. 349, 352 (9th Cir. BAP 1997). The Bankruptcy Code does not define "good faith." "At a minimum, good faith requires debtor to show an honest intention." *In re Powers*, 135 B.R. 980, 992 (Bankr. C.D.. Cal. 1991), citing, *In re Setzer*, 47 B.R. 340, 344 (Bankr. E.D.N.Y. 1985). There is no honest intention in this case. The Debtors, after exhausting all remedies in the state court, filed this case to avoid appearing at a judgment debtor examination and answering questions about their assets.

---

**OBJECTION TO CONFIRMATION OF PLAN**

3

The attempted manipulation of the Code in this case is strikingly similar to the facts in *In re Tran*, 431 B.R. 230 (Bkrtcy. N.D. Cal 2010) where the Debtor obtained a Chapter 7 discharge and then sought to use the Chapter 13 case to strip off a wholly unsecured Second Deed of Trust. *In Tran, Id.* the Debtor filed a Chapter 13 Petition approximately six months after receiving a Chapter 7 discharge. Ms. Tran listed no general unsecured creditors and no priority creditors. Tran proposed to strip a wholly unsecured Second Deed of Trust from her residence in the amount of $40,900. Tran proposed nominal Plan payments of $375 per month for 60 months to pay two delinquent mortgage payments and some real property taxes. *In re Tran, Id.* at pg. 232-233.

The Debtor in the case at bar transferred, for no consideration their home worth $1,600,000 to $1,800,000 on the eve of trial setting in the state court. After judgment was rendered against them, debtors quit claimed their house back to themselves, for no consideration and recorded a declaration of homestead, because the corporation to which the house was transferred could not claim a homestead.

Judge Jellen in the Tran case held that:

> "Bad Faith" as cause for dismissal pursuant to §1307(c), depends on the totality of the circumstances, but certainly includes unfair manipulation of the Bankruptcy Code. Citing *Elsen* 14 F.3d at 470; *In re Warren*, 89 B.R. at 95 (9th Cir. BAP 1988). CF. *In re Leavitt*, 171 F.3d 1219, 122 4-25 (9th Cir. 1999) (Regarding Test for a Dismissal "with prejudice" pursuant to Bankruptcy Code §349(a) ground on bad faith.) *In re Tran, Id.* at page 237 (quotations in the original) (emphasis supplied).

The Debtors continue their pattern of bad faith in this case. The plan is not feasible.

**OBJECTION TO CONFIRMATION OF PLAN**

4

In *In re Metz*, 67 B.R. 462, 464-465 (91 Cir. BAP 1986), the Bankruptcy Appellate Panel stated:

> In this circuit, the test of good faith in proposing a Chapter 13 plan is made on a case-by-case basis, with the court reviewing the 'totality of the circumstances.' We believe that the proper inquiry is whether the [debtors] acted equitably in proposing their Chapter 13 plan. *Goeb v. Heid (In re Goeb)*, 675 F.2d 1386, 1890, 1391 (9th Cir. 1982) (`the court must make its good-faith determination in light of all militating factors bankruptcy courts cannot [make a] substitute ... for a review of the totality of the circumstances); accord *Chinichian v. Campolongo* (In re Chinichian), 784 F.2d 1440, 1444-46 (9th Cir. 1986) (additional citations omitted).

In *In re Porter*, 102 B.R. 773, 775 (9th Cir.BAP 1989), citing *In re Goeb*, 675 F.2d 1386, 1390 (9th Cir. 1982), the Bankruptcy Appellate Panel stated:

> The Ninth Circuit has formulated a list of several factors, the presence of which may indicate bad faith. A bankruptcy court must examine:
>
> Whether the [debtors] acted equitably in proposing their Chapter 13 plan. A bankruptcy court must examine whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code or otherwise proposed his Chapter 13 plan in an inequitable manner. Though it may consider the substantiality of the proposed repayment, the court must make its good faith determination in the light of *all* militating factors.

Additionally, the Court in *In re Huerta*, 137 B.R. 356, 366-367 (Bankr. C.D. Cal. 1992) considered the following factors relevant to the analysis of good faith: 1) the amount of the proposed payments and the amount of the debtor's surplus; 2) the debtor's employment history, ability to earn and likelihood of future increases in income; 3) the probable or expected duration of the plan; 4) the accuracy of the plan's statements of the debts, expenses and percentage

---

**OBJECTION TO CONFIRMATION OF PLAN**

5

repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court;

5) the extent of preferential treatment between classes of creditors; 6) the extent to which secured

claims are modified; 7) the type of debt sought to be discharged and whether any such debt is

non-dischargeable in Chapter 7; 8) the existence of special circumstances such as inordinate

medical expenses; 9) the frequency with which the debtor has sought relief under the Bankruptcy

[law]; 10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; and 11) the

burden which the plan's administration would place on the trustee. *Id.*, citing *In re Estus*, 695

F.2d 311 (9th Cir. 1982).

### A.    THERE ARE MULTIPLE INDITIA OF BAD FAITH IN THIS CASE

(1) The fraudulent transfer of the House and then the transfer back to the name of the

debtors.

(2) The debtors undervalued their house at $1,300,000. The house is worth at least

$1,600,000.

(3) The debtors claimed a $500,000 exemption when their exemption is capped at

$187,000 under 11 USC§522(p). The debtors' schedule C indicates the exemption. Is limited to

the maximum amount allowed by statue.

(4) The debtor failed to list all her aliases and only amended her petition after

creditor brought it up at the debtors' 341(a).

(5) The debtors failed to list their trust.

(6) In the picture of the debtor's closet, it shows a large number of what appear to be expensive women's shoes which are not disclosed in the petition.

(7) The debt to objecting creditor, Emilio Ceron is non dischargeable under 11 USC§ 523(a)(2) Husky International Electronics Inc. v. Ritz 136 S. Ct 1581 (2016) and 11USC§ 523(a)(6).

## III.    TO CONFIRM A PLAN, THE BANKRUTPCY COURT MUST DETERMINE THAT THE PROPOSED PLAN MEETS ALL CONFIRMATION REQUIREMENTS

Title 11 U.S.C. §1325(a) instructs the bankruptcy court to confirm a Plan only if the court finds that the Plan complies with the applicable provisions of the Code. *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367 (2010). The *Espinoza* court, 130 S.Ct. at 1328, states:

> . . . [t]he Code [citing section 105(a) in addition to section 1325(a)] as to the discharge of student loan debts makes claim that the bankruptcy courts have the authority - -indeed the obligation - - to direct a debtor to conform his plan to the requirements of sections 1328(a)(2) and 523(a)(8)

Even without an objection to confirmation, the bankruptcy court has an independent duty to ensure that it confirms a Chapter 13 Plan only if the Plan meets all the requirements of confirmation.

### A.    THE DEBTOR HAS NOT AND CANNOT MEET THE LIQUIDATION ANALYSIS WITH THE COMPARISON WITH A CHAPTER 7

Title 11 U.S.C. §1325(a)(4) requires:

---

**OBJECTION TO CONFIRMATION OF PLAN**

7

The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date . . .

Here, the applicable non bankruptcy law is the California ORAP Statute. This Statue allows a judgment creditor to apply to a California Court "for an ordeal requiring the judgment debtor to appear before the court… to furnish information to aid in enforcement of the money judgment [ie, an ORAP]" Cal.Civ.Proc. Code §708.110(a). A creditor's service of the order upon the debtor "creates a lien on personal property of the judgment Debtor for a period one year from the date of the order unless extended or sooner terminated by the court" Ids 708.110(d) In re *Swintek* 906 F. 3d 1100, 1103 (9th Cir. 2018) (Quotations in the original).

The debtor's residence is under valued and there is sufficiently under valued that there is non exempt equity in the residence.

## IV.    THE PLAN FAILS TO PROVIDE FOR EMILIO CERON'S ORAP LIEN

Shu-Chen was served with an Order to Appear at judgment debtor examination in Superior Court.

ORAP.

Here, the applicable non bankruptcy law is the California ORAP Statute. This Statue allows a judgment creditor to apply to a California Court "for an ordeal requiring the judgment debtor to appear before the court… to furnish information to aid in enforcement of the money judgment [ie, an ORAP]" Cal.Civ.Proc. Code §708.110(a). A creditor's service of the order upon the debtor "creates a lien on personal property of the judgment Debtor for a period one year from the date of the order unless extended or sooner terminated by the court" Ids 708.110(d) In re *Swintek* 906 F. 3d 1100, 1103 (9th Cir. 2018) (Quotations in the original).

1    The day of the judgment debtor examination, the debtors filed their bankruptcy

2   petition. The running of the one year lien is tolled during the pendency of the automatic stay In

3
    re *Swintek* 906 F. 3d 1100, 1103 (9th Cir. 2018).
4

5   **V.    CONCLUSION**

6

7    This case is essentially a two party dispute and was filed solely to delay Mr. Ceron,

8   filed on the eve of his scheduled judgment debtor exam.

9

10    Based on the totality of the circumstances, this case was not filed in good faith or

11   prosecuted in good faith and the confirmation of the Plan should be denied and the case

12   dismissed, with prejudice under 11 USC §349.

13

14   DATE: January 12, 2023

15

16    By:

17    Fritz J. Firman, Attorney for Judgment

18    Creditor Emilio Ceron

19

20

21

22

23

24

25

26

27

28

---

**OBJECTION TO CONFIRMATION OF PLAN**

9

## DECLARATION OF FRITZ J. FIRMAN

I, Fritz J. Firman declare:

1.    I am an attorney at law admitted to practice before all courts of the State of California and before this Court. All matters set forth herein are of my own personal knowledge, and if called and sworn as witness herein, I could and would competently testify thereto.

2.    I am the attorney for objecting Judgment Creditor Emilio Ceron.

3.    On August 6, 2021 the debtor quit claimed the property at 7907 Horizon View Drive Riverside, California to Global Investment Inc. A true and correct copy of the quit claim deed is attached here to marked exhibit A.

4.    On April 19, 2022 Global Investment, Inc. quit claimed the property at 7907 Horizon View Drive Riverside, California to Shu Chen Wu. A true and correct copy of said quit claim deed is attached hereto as exhibit B.

5.    The debtor acquired the interest in 7907 Horizon View Drive within 1215 days of the filing of her bankruptcy petition.

6.    Attached as exhibit C is a true and correct copy of the picture out of debtor's MLS listing showing her closet.

7.    On October 2, 2022 debtor was served with an order to appear at a judgment debtor examination. A time and correct copy of the proof of service is attached hereto as exhibit D.

---

**OBJECTION TO CONFIRMATION OF PLAN**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

      Executed this 12th day of January, 2022 at Costa Mesa, California.

_____
Fritz J. Firman
Declarant

---

**OBJECTION TO CONFIRMATION OF PLAN**

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**1503 South Coast Drive, Suite 209**
**Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*):  __Objection to Confirmation of Chapter 13 Plan__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____**1/11/23**_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Rod Danielson (TR)-** __notice-efile@rodan13.com__
**Benjamin Heston (BH)-** __bhestonecf@gmail.com__

☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

4.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/12/23 | Zac Ingalls | |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT A

RECORDING REQUESTED BY
SHUCHEN WU

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME            GLOBAL INVESTMENT, INC.

STREET          2108 N ST. SUITE N
ADDRESS

CITY, STATE &   SACRAMENTO, CA 95816
ZIP CODE

TITLE ORDER NO. _____
ESCROW NO. _____

**2021-0472582**
08/06/2021 04:35 PM Fee: $ 92.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

1628

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

## QUITCLAIM DEED

TRA: _____009-002_____

APN: _____243-500-026-4_____

The undersigned grantor(s) declare(s)
DOCUMENTARY TRANSFER TAX   $ 0.00
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area        City of        RIVERSIDE

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We)  SHU CHEN WU _____

_____
(NAME OF GRANTOR(S))

hereby remise, release and quitclaim to _____ GLOBAL INVESTMENT, INC. _____

_____
(NAME OF GRANTEE(S))

the following described real property in the City of        RIVERSIDE        ,County of        RIVERSIDE    ,

State of _____CALIFORNIA_____ .

(Insert Legal Description)
LOT 250 OF TRACT NO.28907-1, IN THE CITY OF RIVERSIDE, COUNTY OF RIVERSIDE, STATE
OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 338 PAGES 26 THROUGH 32 OF
MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

DATED:  08/06/2021

Name  SHU CHEN WU

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |

Name _____

STATE OF CALIFORNIA
COUNTY OF  Riverside

On  08/06/2021  before me,  Enrique Epifano Espinoza /Notary Public personally appeared
(here insert name and title of the officer)
Shu Chen Wu
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (SEAL)

ENRIQUE EPIFANO ESPINOZA
COMM. #2311113
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires Oct. 31, 2023

MAIL TAX STATEMENT AS DIRECTED ABOVE

# EXHIBIT B

RECORDING REQUESTED BY
Shu Chen Wu

AND WHEN RECORDED MAIL DOCUMENT AND
TAX STATEMENT TO:

NAME                     Shu Chen Wu

STREET
ADDRESS           7907 Horizon View Dr

CITY, STATE &Riverside, CA 92506
ZIP CODE

TITLE ORDER NO. _____
ESCROW NO. _____

**2022-0183924**
04/19/2022 11:01 AM Fee: $ 99.00
Page 1 of 1
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

*779*

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

## QUITCLAIM DEED

TRA: _____009-002_____

APN: _____243-500-026-4_____

The undersigned grantor(s) declare(s)
DOCUMENTARY TRANSFER TAX  $ 0.00
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and encumbrances remaining at time of sale.
☐ Unincorporated Area       City of _____Riverside_____

FOR VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, I (We) _____
_____Global Investment, Inc., a California Corporation_____
                                    (NAME OF GRANTOR(S))
hereby remise, release and quitclaim to _____Shu Chen Wu_____
_____
                                    (NAME OF GRANTEE(S))
the following described real property in the City of _____Riverside_____,County of _____Riverside_____,
State of _____California_____.

(Insert Legal Description)

LOT 26 OF TRACT NO. 28907-1, IN THE CITY OF RIVERSIDE, COUNTY OF RIVERSIDE,
STATE OF CALIFORNIA, AS SHOWN BY MAP ON FILE IN BOOK 338 PAGES 26 THROUGH 32
OF MAPS RECORDS OF RIVERSIDE COUNTY, CALIFORNIA.

DATED: _04/18/2022_____

Name  Shu Chen Wu, Authorized ~~signer~~ agent
Signing on behalf of Global Investment, Inc.

Name _____

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF CALIFORNIA
COUNTY OF _RIVERSIDE_

On _APRIL 18, 2022_____ before me, _NICHOLAS DANIEL ZERMENO, NOTARY PUBLIC_, personally appeared
                                                    (here insert name and title of the officer)
_SHU CHEN WU_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (SEAL)

MAIL TAX STATEMENT AS DIRECTED ABOVE

NICHOLAS DANIEL ZERMENO
COMM. #2371582
NOTARY PUBLIC - CALIFORNIA
RIVERSIDE COUNTY
My Comm. Expires Aug. 19, 2025

# EXHIBIT C

# EXHIBIT D

POS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MITCHELL B. HANNAH                                              138232
LAW OFFICE OF MITCHELL B. HANNAH
100 Pacifica, Suite 370
Irvine, CA 92618
TELEPHONE NO.: (949) 477-9020        FAX NO. *(Optional):* (949) 477-9080
E-MAIL ADDRESS *(Optional):*  mhannah@hannahlaw.com
ATTORNEY FOR *(Name):*  Plaintiff EMILIO CERON | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    RIVERSIDE | |
|---|---|
| STREET ADDRESS:    4050 Main Street    Electronically FILED by Superior Court of California, County of Riverside on 10/11/2022 02:47 PM | |
| MAILING ADDRESS:    Case Number RIC2003142 0000036274687 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Kristen King, Clerk | |
| CITY AND ZIP CODE:    Riverside, CA 92501 | |
| BRANCH NAME:    RIVERSIDE HISTORIC COURTHOUSE | |
| PETITIONER/PLAINTIFF:    EMILIO CERON | |
| RESPONDENT/DEFENDANT:    GEOGIANG JOSEPH YUE aka JOSEPH YUE,
etc., et al. | |

| PROOF OF PERSONAL SERVICE - CIVIL | CASE NUMBER:
RIC2003142 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1.  I am over 18 years of age and **not a party to this action.**
2.  I served the following **documents** *(specify)* :
    Application and Order for Appearance and Examination - Enforcement of Judgment - Judgment Debtor (set for 11.03.22)
    Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents at Hearing (set for 11.03.22)

    ☐ The documents are listed in the *Attachment to Proof of Personal Service - Civil (Documents Served)*(form POS-020(D)).
3.  I personally served the following **persons** at the address, date, and time stated:
    a.  Name:    Shu-Chen Wu aka Shuchen Susan Wu aka Susan Wu, individually and as Trustee of the Yue Family Trust aka The Yue Family
    b.  Address:    7907 Horizon View Drive, Riverside, CA 92506
    c.  Date:    October 2, 2022
    d.  Time:    12:25 p.m.
    ☐ The persons are listed in the *Attachment to Proof of Personal Service - Civil (Persons Served)* (form POS-020(P)).
4.  I am
    a.  ☐ not a registered California process server.
    b.  ☐ a registered California process server.
    c.  ☑ an employee or independent contractor of a registered California process server.
    d.  ☐ exempt from registration under Business & Professions Code section 22350(b).
5.  My name, address, telephone number, and, if applicable, county of registration and number are *(specify)* :
    Felipe Nieves - #001794
    13700 Alton Pkwy, Suite 154-121, Irvine, CA
    949-431-6872

    Fee for service = $148.72

6.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7.  ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date:  October 11 , 2022

FELIPE NIEVES
_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

▶  _____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Form Approved for Optional Use
Judicial Council of California
POS-020 [New January 1, 2005]
CEB | Essential Forms
ceb.com

**PROOF OF PERSONAL SERVICE - CIVIL**

Code of Civil Procedure, § 1011
www.courtinfo.ca.gov