B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Emilio Ceron | DEFENDANTS<br>Shu-Chen Wu<br>Geogiang Yue |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Fritz J. Firman<br>1503 South Coast Plaza Ste 209<br>Costa Mesa, CA 92626  714)433-7185 | ATTORNEYS (If Known)<br>Benjamin Heston<br>100 Bayview Circle Suite 100<br>Newport Beach, CA 92660   (951)290-2827 |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraud, Fraudulent Conveyance 523 (a)(2)(A)
Willful and Malicious injury. 523 (a)(6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 60858. PLUS 15,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Shu-Chen Wu; Geogiang Yue | BANKRUPTCY CASE NO.   6:22-bk-14173 RB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District California | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Magdalena Reyes Bordeaux |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>FEBRUARY 06, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Fritz J. Firman | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

```
 1  Fritz J. Firman, Esq. (State Bar No. 117011)
    WEBER FIRMAN
 2  1503 South Coast Drive, Suite 209
    Costa Mesa, CA 92626
 3  Tel: (714) 433-7185
    Fax: (714) 662-0302
 4
 5  Attorneys for Plaintiff,
 6
```

7                    UNITED STATES BANKRUPTCY COURT

8            CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In Re:<br><br>SHU-CHEN WU, GEOGIANG JOSEPH YUE,<br><br>Debtors,<br><hr>EMILIO CERON,<br><br>Plaintiff,<br><br>v.<br><br>GEOGIANG JOSEPH YUE aka JOSEPH YUE, SHU-CHEN WU aka SHUCHEN SUSAN WU aka SUSAN WU,<br><br>Defendant. | CASE NO.: 6:22-bk-14173 RB<br><br>CHAPTER 13<br><br>ADV CASE NO:<br><br>**ADVERSARY COMPLAINT TO DETERMINE DISCHARAGEABILITY OF DEBT 11 U.S.C.§ 523(a)(2); FRAUD; AND WILLFUL AND MALICIOUS INJURY 11 U.S.C. § 523 (a)(6)**<br><br>DATE: TO BE SET<br>TIME: TO BE SET<br>CTRM: 303 |

Plaintiff, EMILIO CERON ("PLAINTIFF") for his complaint against GEOGIANG JOSEPH YUE aka JOSEPH YUE, SHU-CHEN WU aka SHUCHEN SUSAN WU aka SUSAN WU alleges as follows

1.  This Court has jurisdiction to hear and render a final judgment in this matter pursuant to 28 U.S.C. § 1134(b), 28 U.S.C § 157(a) and General Order No.1305

---
1

COMPLAINT TO DETERMINE DISCHARBILITY OF DEBT

dated October 9, 2013, which referred all bankruptcy cases filed in the Central District of California from the United States District Court for the Central District of California to the United States Bankruptcy Court for the Central District of California. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Plaintiff consents to this court rendering a final decision.

2. This adversary is brought to determine that Defendants' debts to Plaintiff are non-dischargeable pursuant to 11 U.S.C. § 523 (a)(2)(A) fraud, and 11 U.S.C. § 523(a)(6) for a willful and malicious injury.

3. SHU-CHEN WU and GEOGIANG JOSEPH YUE, bankruptcy case is pending in the United States Bankruptcy Court for the Central District of California, Riverside Division. Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. Plaintiff is a creditor and holder of claims against the Debtors arising prior to the filing of the bankruptcy petition in the amount of $60,858.00 plus cost, attorney's fees and punitive damages.

5. Emilio Ceron is the holder of a claim against the Defendants as evidenced by Judgment rendered in the Riverside County Superior Court in Case Number RIC 2003142 on February 01, 2022

6. SHU-CHEN WU aka SHUCHEN SUSAN WU aka SUSAN WU is a Licensed Real Estate agent and a resident of Riverside County, California and is married to Geogiang Joseph Yue. Geogiang Joseph Yue aka Joseph Yue is a resident of Riverside County.

7. On November 4, 2021, Plaintiff obtained a judgment against Defendants in the amount of $30,088.02 in an action to recover Plaintiff's Earnest Money Deposit that Defendants YUE and WU wrongfully withheld based upon a written contract that provided for attorney's fees to the prevailing party. The action was filed and tried in the Riverside Superior Court, Case No. RIC 200314 (hereinafter referred to as the RELATED CASE). A copy of the judgment is

2
COMPLAINT TO DETERMINE DISCHARBILITY OF DEBT

1  attached hereto as Exhibit "A" and incorporated herein by reference.

2  8.  On January 24, 2022, the Judgment was amended to add attorney fees and costs for a total judgment of $78,987.52.   Notice of Entry of the Judgment of was sent to Defendants YUE and WU on February 22, 2022 by way of email and First Class U.S. Mail, a copy of the Notice of Entry and Amended Judgment is attached hereto as Exhibit "B" and incorporated herein by reference.

9.  The Court was holding interplead funds from escrow in the amount of $24,455.00.  After crediting this amount, the balance of the judgment is $54,532.52, plus interest from the date of the initial judgment, November 4, 2021. As of November 02, 2022 the Judgment amount was 60,858.00

10.  In the RELATED CASE, Plaintiff's Complaint was filed on July 20, 2020.  At that time, Defendants and Debtor owned the PROPERTY located and were residing in the property at 7907 Horizon View Drive, Riverside, CA 92506.

11.  The time line of events regarding Defendants fraudulent conveyance of the PROPERTY in relation to the RELATED CASE is:

| RELATED CASE EVENTS | DATE | EVENTS TAKEN BY DEFENDANTS |
|---|---|---|
| Mediation | June 8, 2021 | |
| | June 29, 2021 | Defendant Shu-Chen Wu forms GLOBAL INVESTMENTS, INC. with California Secretary of State. Defendant Shu-Chen Wu is the sole director and officer |
| | August 6, 2021 | Defendant Shu-Chen Wu deeds the PROPERTY to GLOBAL INVESTMENT for $0 consideration ($0 documentary transfer tax noted on the deed) |
| Trial Setting Conference | August 9, 2021 | |
| Trial | October 20, 2021 | |
| Judgment entered in favor of Plaintiff and against Defendants 1 and 2 | November 4, 2021 | |

3
COMPLAINT TO DETERMINE DISCHARBILITY OF DEBT

12. Plaintiff Emilio Ceron requested Defendants to pay the judgment, but it was not paid.

13. The conveyance by Shu-Chen Wu and Geogiang Joseph Wu to Global was made with the intent to hinder, delay and defraud Plaintiff because there was no consideration for the transfer and this PROPERTY was the only asset available to satisfy Plaintiff's judgment.

14. Plaintiff is entitled to relief for the fraudulent transfer made by Defendants Shu-Chen Wu and Geogiang Joseph Wu pursuant to *Civil Code* §3439.07.

**First claim for Relief Actual Fraud 11U.S.C. § 523(a)(2)(A)**

15. Plaintiff re-alleges and reincorporates his allegations in paragraphs 1 through 14, inclusive, of his complaint by his reference as though fully set forth.

16. Defendant Shu-chen Wu created a Corporation known as Global Investments Inc. the case against her while in the Riverside Superior Court Case number RIC 2003142 was nearing trial. Wu transferred for no consideration her property located at 7907 Horizon View Riverside to her unfunded Corporation, Global Investments Inc.

17. Defendants transferred the property at 7907 Horizon View, Riverside California to Global with the actual intent to obstruct, delay and prevent Plaintiff Ceron from collecting his debt and ultimately his judgment against defendants.

18. An intentional fraudulent conveyance of property to prevent or obstruct a creditor constitutes an "Actual Fraud" within the meaning of 11 U.S.C.§523(a)(2)A . Husky International Electronics Inc. v Ritz 136 S.ct.1581, 1587 (2016)

19. Defendant's scheme to put the residence at 7907 Horizon View, Riverside California was out of the reach of creditor actual and proximate cause of damage to Plaintiff Ceron in that he could not execute on the Horizon View Property and he had to retain and pay attorneys licensed to practice law in the State of California to bring a fraudulent conveyance action in the Superior Court of the State of

4

COMPLAINT TO DETERMINE DISCHARBILITY OF DEBT

1         California.

2   20.   As the result of Defendants' Intentional conveyance of the property at 7907 Horizon View, Riverside California Plaintiff has been damaged in an amount to be proven at trial but not less than 15,000 in addition to the unsatisfied Amended Judgment in Riverside Superior Court Case Number RIC 2003142

**Second Claim for Relief Willful and Malicious Injury 11 U.S.C.§ 523(a)(6)**

21. Plaintiff realleges and reincorporates his allegations in paragraphs 1 through 20, inclusive, of his complaint by this reference as though fully set forth herein.

22. Defendants knowingly and intentionally and with the intent to harm the Plaintiff transferred the property 7907 Horizon View, Riverside California to a Corporation created by Defendant for no consideration. The Corporation Global Investments Inc. was created soley for the purpose of transferring the property located at 7907 Horizon View, Riverside, California out of Defendants' name.

23. The transfer was made with the actual intent to obstruct, hinder and delay Creditor Ceron.

24. Defendants conduct was wrongful, in violation of California Law, and willful and malicious

25. Defendants conduct in transferring a valuable asset for no consideration to put it beyond the reach of plaintiff and other creditors was without just cause or excuse.

26. Plaintiff was damaged as the result of Defendants wrongful and intentional conduct in an amount to be proven at trial but not less than $15, 000 plus the amount of his claim.

27. By Virtue of their fraudulent conduct in the connection with the transfer of the Property, Defendants and each of them have exhibited a pattern of oppressive,

5

COMPLAINT TO DETERMINE DISCHARBILITY OF DEBT

fraudulent and/ or malicious conduct in their actions. Accordingly, Plaintiff seeks an award of punitive or exemplary damages against each Defendant, in an amount subject to proof at trial.

WHEREFORE, Plaintiff prays:

1. For Judgment in favor of Plaintiff on all Claims for Relief and that the court determine that said Judgment is non dischargeable.
2. For damages according to proof;
3. For costs and attorneys incurred in bringing this action.
4. For punitive and exemplary damages; and
5. For such other and further relief as the court may deem just and proper.

Dated: February 06, 2023

WEBER FIRMAN

*/s/ Fritz J. Firman*
Fritz J. Firman
Attorney for Plaintiff
Emilio Ceron

6

COMPLAINT TO DETERMINE DISCHARBILITY OF DEBT

# EXHIBIT A

OCT 27 2021

MITCHELL B. HANNAH    CSB *138232
HALLIE D. HANNAH    CSB *158558
LAW OFFICE OF MITCHELL B. HANNAH
100 Pacifica, Suite 370
Irvine, CA 92618
Telephone: (949) 477-9020
Facsimile: (949) 477-9080
email: mhannah@hannahlaw.com
email: hallie@hannahlaw.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

NOV 12 2021

C. Marias

Attorneys for Plaintiff EMILIO CERON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

EMILIO CERON,

    Plaintiff,

vs.

GEOGIANG JOSEPH YUE aka JOSEPH YUE, individually and as Trustees of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST; SCHUCHEN SUSAN WU aka SUSAN WU, individually and as Trustees of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST; PURE LOGIC ESCROW, INC.; Does 1 through 15

    Defendants.

CASE NO.: RIC 2003142

[PROPOSED] JUDGMENT

DATE: October 20, 2021
TIME: 8:30 a.m.
DEPT: 2

UNLIMITED CIVIL
DAMAGES EXCEED $25,000.00

Case Assigned for all purposes to:
Honorable Carol Greene
Department 02

    The above-entitled cause came on regularly for trial on October 20, 2021 in Department 2 of the above-entitled court, the Honorable Carol Greene, Judge, Presiding without a jury, and was tried on that date. Mitchell B. Hannah appeared as counsel for Plaintiff Emilio Ceron. Defendants GEOGIANG JOSEPH YUE aka JOSEPH YUE, individually and as Trustee of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST and SHU-CHEN WU aka SHUCHEN SUSAN WU aka SUSAN WU, individually and as Trustees of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST appeared in pro per.

    A jury having been waived. The Court having heard and considered the evidence, it is hereby ORDERED and ADJUDGED that Plaintiff EMILIO CERON have judgment against

1

[PROPOSED] JUDGMENT

EX A

1  Defendants GEOGIANG JOSEPH YUE aka JOSEPH YUE, individually and as Trustee of the YUE
2  FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST and SHU-CHEN WU aka
3  SHUCHEN SUSAN WU aka SUSAN WU, individually and as Trustees of the YUE FAMILY
4  TRUST aka THE YUE FAMILY REVOCABLE TRUST as follows:

| | |
|---|---|
| Principal damages in the amount of | $ 25,950.00 |
| Interest from 03.17.20 to 10.20.21 | 4,138.02 |
| Attorney Fees - per motion | TBD |
| Costs - per memorandum of costs | TBD |

The escrow funds interplead with this Court by Pure Logic Escrow on or after October 26, 2020 in the amount of $24,455.00, shall be released to Plaintiff care of his counsel Mitchell B. Hannah to 100 Pacifica, Suite 370, Irvine, CA 92618 in partial satisfaction of the judgment.

Dated: Nov. 4, 2021

THE HONORABLE CAROLE GREENE
Judge of the Superior Court

---

2
[PROPOSED] JUDGMENT

Electronically FILED by Superior Court of California, County of Riverside on 02/22/2022 02:38 PM
Case Number RIC2003142 0000012733880 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Stephanie Acosta, Clerk

**CIV-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| MITCHELL B. HANNAH    138232<br>LAW OFFICE OF MITCHELL B. HANNAH<br>100 Pacifica, Suite 370<br>Irvine, CA 92618<br>TELEPHONE NO.:(949) 477-9020    FAX NO. (Optional):(949) 477-9080<br>E-MAIL ADDRESS (Optional):    mhannah@hannahlaw.com<br>ATTORNEY FOR (Name):    Plaintiff EMILIO CERON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    RIVERSIDE
STREET ADDRESS:    4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE:    Riverside, CA 92501
BRANCH NAME:    RIVERSIDE HISTORIC COURTHOUSE

PLAINTIFF/PETITIONER:    EMILIO CERON

DEFENDANT/RESPONDENT:    GEOGIANG JOSEPH YUE aka JOSEPH YUE, etc., et al.

## AMENDED
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

(Check one):    ☑ UNLIMITED CASE
(Amount demanded exceeded $25,000)    ☐ LIMITED CASE
(Amount demanded was $25,000 or less)

CASE NUMBER:
RIC2003142

**TO ALL PARTIES:**

1. A amended judgment, decree, or order was entered in this action on (date):    February 1, 2022

2. A copy of the amended judgment, decree, or order is attached to this notice.

Date: February 22, 2022

MITCHELL B. HANNAH
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)    ▶    _____
                                                                         (SIGNATURE)

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

Page 1 of 2
www.courtinfo.ca.gov

CEB | Essential
ceb.com | EiForms

EX B

# EXHIBIT B

```
 1  MITCHELL B. HANNAH      CSB*138232
    HALLIE D. HANNAH        CSB *158558
 2  LAW OFFICE OF MITCHELL B. HANNAH
    100 Pacifica, Suite 370
 3  Irvine, CA 92618
    Telephone: (949) 477-9020
 4  Facsimile : (949) 477-9080
    email: mhannah@hannahlaw.com
 5  email: hallie@hannahlaw.com
```



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
FEB 01 2022
C. Marias

Attorneys for Plaintiff EMILIO CERON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| EMILIO CERON, <br><br> Plaintiff, <br><br> vs. <br><br> GEOGIANG JOSEPH YUE aka JOSEPH YUE, individually and as Trustees of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST; SCHUCHEN SUSAN WU aka SUSAN WU, individually and as Trustees of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST; PURE LOGIC ESCROW, INC.; Does 1 through 15 <br><br> Defendants. | CASE NO.: RIC 2003142 <br><br> [PROPOSED] AMENDED JUDGMENT AFTER MOTION FOR ATTORNEY'S FEES AND COSTS <br><br><br> UNLIMITED CIVIL <br> DAMAGES EXCEED $25,000.00 <br><br> Case Assigned for all purposes to: <br> Honorable Carol Greene <br> Department 02 |

The above-entitled cause came on regularly for trial on October 20, 2021 in Department 2 of the above-entitled court, the Honorable Carol Greene, Judge, Presiding without a jury, and was tried on that date. Mitchell B. Hannah appeared as counsel for Plaintiff Emilio Ceron. Defendants GEOGIANG JOSEPH YUE aka JOSEPH YUE, individually and as Trustee of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST and SHU-CHEN WU aka SHUCHEN SUSAN WU aka SUSAN WU, individually and as Trustees of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST appeared in pro per.

A jury having been waived. The Court having heard and considered the evidence, it is hereby ORDERED and ADJUDGED that Plaintiff EMILIO CERON have judgment against

1

[PROPOSED] AMENDED JUDGMENT

1  Defendants GEOGIANG JOSEPH YUE aka JOSEPH YUE, individually and as Trustee of the YUE
2  FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST and SHU-CHEN WU aka
3  SHUCHEN SUSAN WU aka SUSAN WU, individually and as Trustees of the YUE FAMILY
4  TRUST aka THE YUE FAMILY REVOCABLE TRUST as follows:

| | |
|---|---|
| Principal damages in the amount of | $ 25,950.00 |
| Interest from 03.17.20 to 10.20.21 | 4,138.02 |

After hearing on a Motion for Attorney's Fees and Costs heard on January 18, 2022, Plaintiff EMILIO CERON is further awarded the following:

| | |
|---|---|
| Attorney Fees | 46,647.50 |
| Costs | 2,252.00 |
| For a total Judgment of | $ 78,987.52 |

The escrow funds interplead with this Court by Pure Logic Escrow on or after October 26, 2020 in the amount of $24,455.00, have been be released to Plaintiff care of his counsel Mitchell B. Hannah to 100 Pacifica, Suite 370, Irvine, CA 92618 in partial satisfaction of the judgment.

Dated: 1/24, 2022

THE HONORABLE CAROLE GREEN,
Judge of the Superior Court

2
[PROPOSED] AMENDED JUDGMENT

## PROOF OF SERVICE BY MAIL

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 Pacifica, Suite 370, Irvine, CA 92618.

On **February 22, 2022**, I served the foregoing documents described as **NOTICE OF ENTRY OF JUDGMENT** on the interested parties in this action placing true and correct copies thereof is a sealed envelope addressed as follows:

| | |
|---|---|
| SHU-CHEN WU aka SCHUCHEN SUSAN WU aka SUSAN WU, individually and as Trustee of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST<br><br>7907 Horizon View Drive<br>Riverside, CA 92506<br>Tele: 626-428-9226<br>Email: susanwu72@gmail.com<br><br>Defendant in Pro Per | GOGIANG JOSEPH YUE aka JOSEPH YUE, individually and as Trustee of the YUE FAMILY TRUST aka THE YUE FAMILY REVOCABLE TRUST<br><br>7907 Horizon View Drive<br>Riverside, CA 92506<br>Tele: 626-428-9227<br>Email: josephyue430@gmail.com<br><br>Defendant in Pro Per |

[X] (SERVICE BY MAIL CCP §1013(a) - On February 22, 2022, I caused the above-mentioned items to be served via U.S. Mail on the above-listed party or parties. (Extends right for response by five calendar days if service in CA or 10 days outside CA but in US or 20 calendar days outside US).

[ ] (ONLY BY ELECTRONIC TRANSMISSION) On _____,2 021, by e-mailing the document(s) to the person at the e-mail addresses listed above. Pursuant to California Rule of Court, Emergency Rule 12, effective April 17, 2020, during the Coronavirus (COVID-19) pandemic, this office will use electronic mail for service purposes.

[X] By Electronically Serving: On February 22, 2022, I caused the above mentioned document(s) to be electronically served at email address(es) noted above.

[ ] (EXPRESS MAIL SERVICE CCP §1013(c) - On _____, I caused the above-mentioned items to be served via Express Mail on the above-listed party or parties. (Extends right for response by two court days).

[ ] (FACSIMILE SERVICE CCP §1013(e) - On _____, I caused the above-mentioned items to be served via facsimile on the above-listed parties and the parties or attorneys for the parties have agreed to service by this method and a written confirmation of that agreement has been made. The parties have agreed to the facsimile numbers to be used for service. (Extends right for response by two court days).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 22, 2022, at Irvine, California.

*/s/ Carol Faulkner*
CAROL FAULKNER