**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SHU-CHEN WU and<br>GEOGIANG YUE,<br><br>　　　　Debtors. | Case No: 6:22-bk-14173-RB<br><br>**Chapter 13**<br><br>**REPLY IN SUPPORT OF CONFIRMATION OF CHAPTER 13 PLAN**<br><br>**Hearing:**<br>Date:  February 22, 2023<br>Time: 11:00 AM<br>Courtroom: 303 |

　　　Debtors, Shu-Chen Wu and Geogiang Yue, hereby reply to the Objection to Confirmation of Chapter 13 Plan filed by Creditor, Emilio Ceron, as follows:

## STATEMENT OF FACTS

　　　Shu-Chen (aka Susan) Wu and Geogiang (aka Joseph) Yue acquired the property located at 7907 Horizon View Drive on February 19, 2013. In 2020, Susan and Joseph both had severe health issues that caused them both to lose their jobs. Since they could no longer afford the mortgage payment, they decided to sell the property. Susan, who used to run a business flipping houses, transferred the property to her corporation Global Investment, Inc, since they could not take advantage of certain tax breaks, but a corporation could take deductions for repairs and other expenses that they could not if the property was in their name. This is something that Susan had done many times in the past when she had been working full-time as a broker. The fact that

1

the transfer occurred a few days prior to a procedural hearing in the state court action is irrelevant or, at best, coincidental. Shortly afterward, Ceron filed the fraudulent transfer action in state court and recorded a lis pendens against the property. Debtors, in good faith, transferred the property back to themselves. Although Debtors wanted to sell the Property, downsize, and retire, they are unable to and have instead tried to make ends meet by renting out rooms in the house through various short-term rental websites.

## POINTS AND AUTHORITIES

### I.

### THE DEBTORS PURCHASED THE PROPERTY ALMOST 10 YEARS PRIOR TO THE CASE BEING FILED AND THE §522(p) CAP IS INAPPICABLE

Prior to the enactment of Section 522(p), debtors with a substantial amount of non-exempt equity in their homes, could simply sell their property and move to a state that had a more generous homestead exemption, like Texas or Florida which have unlimited homestead exemptions. Section 522(p) was intended to close this loophole by capping the exemption at $125,000 for a period of 1,215 days.

Creditor is trying to take advantage of the poorly-written statute and is asking the Court to blindly apply it to a situation that is clearly not what Congress intended. The Ninth Circuit BAP addressed a similar situation in Caldwell v. Nelson (In re Caldwell), 545 B.R. 605 (B.A.P. 9th Cir. 2016). As in this case, the debtors purchased their homestead many years before the filing of the petition and there were several transfers of title prior to the filing of the petition, the last of which occurring within 1,215 days of the filing of the petition. In Caldwell, the transfers were to and from their family trust and their wholly-owned corporation. The debtors there asserted that although the LLC held title to their home, the debtors were the ones who paid the taxes, mortgage and insurance and they continued to use and consider the property as their own. The BAP addressed the issue of whether the debtors "acquired an interest" within 1,215 days of the filing of the petition. The court rejected the Trustee's argument that the debtors could not

have claimed a homestead while the property was held in the name of the LLC and therefor, the Trustee argued, the debtor acquired an interest in the property within the meaning of Bankruptcy Code section 522(p). The debtor argued that he retained beneficial and equitable title to the property despite the transfers, having continuously resided in the property with his wife, and having paid the mortgage, taxes and insurance on the property. The Court found that ,"[p]lainly, the "equity" in the Property which is the subject of the exemption was the result of the payments by the Debtors over the years." Id. at 612. The BAP concluded that the debtor was not divested of all interest in the property by transferring the property to the LLC. In holding that the transfer of title from the LLC to the Family Trust did not constitute and "interest" that was "acquired" by the Debtor which would limit the amount of the homestead exemption which he could claim and that the statutory cap did not apply the Court stated:

> "In enacting §522(p)(1), we do not believe that Congress envisioned limiting a debtor's homestead exemption where as here (1) debtor purchased the property in 1994, well before the start of the 1215–day period, (2) continuously possessed and occupied the Property as his homestead, and (3) accumulated the "equity" by making regular mortgage payments throughout his occupancy."

## II.

## DEBTORS HAVE FILED THE CASE AND PROPOSED THEIR PLAN IN GOOD FAITH

Debtors have been forced into bankruptcy by health issues, misfortune, and one particularly aggressive creditor. Ceron has already made it so the Debtors, ages 60 and 63, are unable to retire, and now he is also asking that they be deprived of the opportunity for a fresh start.

The indicia of bad faith cited by Ceron include the following:

1) Fraudulent transfer

1    As stated above, the transfer was not done with the intent to hinder, delay, or defraud any
2 creditors. It was done in order to facilitate selling the property and maximizing the proceeds.
3 Regardless of intent, the property was transferred back into the name of the Debtors and has been
4 fully restored to the Estate.

5    2) Undervaluation of home

6    The Opposition states, without any evidence, that Debtors undervalued their home. Ceron
7 has not challenged the appraiser's testimony, but has instead imputed it to Debtors and called it a
8 lie. Similarly, neither Ceron nor his attorney are qualified to give their opinion of the value of
9 real property.

10    3) The exemption is capped

11    For the reasons stated above, the exemption is not capped. Even if it were, this would be
12 due to the mechanical operation of law, not bad faith.

13    4) Failure to list aliases

14    The Debtors have listed all of their aliases. It is unclear what the Opposition is referring
15 to on this point.

16    5) Failure to list trust

17    Debtors will be amending to list the Yue Family Trust.

18    6) Failure to list women shoes

19    The Debtors have listed their clothing and exempted it under California Code of Civil
20 Procedure 704.020. As with #2 above, neither Ceron nor his counsel have shown that either are
21 qualified to give their opinion as to the value of women's shoes.

22    7) The debt is non-dischargeable

23    Although Ceron's complaint in the state court action only lists breach of contract and
24 violation of Civil Code Section 1057.3 (failure to release deposited funds), he has filed an
25 adversary proceeding alleging that the debt was procured through fraud. However, even if there
26 was merit to the accusations, the dischargeability of a single debt should not upend the entire
27 proceeding.

28

The Opposition further states that that confirmation should be denied due to failure to provide for the ORAP lien. The Motion to Avoid Lien that is being heard in conjunction with confirmation is providing that the debt owed to Ceron be avoided in its entirety since there is no non-exempt equity in the home. If necessary, Debtors will file a motion to avoid lien on their personal property. If this case were a Chapter 7, there would be any non-exempt property available for creditors.

## CONCLUSION

Prior to 2020, Debtors had the ability to keep up on their debts. If it weren't for their health issues, they would likely have been able to continue to do so. Susan Wu has mostly recovered, but has been permanently disabled by her conditions and is unable to return to work. Joseph Yue is still battling cancer and is in very poor health. They all truly honest but unfortunate debtors only seeking to better their lives and move on from their woes. For the reasons stated above, this case should be confirmed as proposed.

Date: February 15, 2023

**NEXUS BANKRUPTCY**

BENJAMIN HESTON,
Attorney for Debtors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**100 Bayview Circle, Suite 100**
**Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF CONFIRMATION OF CHAPTER 13 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/15/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Fritz J Firman    firmanweber@gmail.com, centralservice.firmanweber@gmail.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/15/2023 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/15/2023 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**