**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SHU-CHEN WU and<br>GEOGIANG YUE,<br><br>Debtors. | Case No: 6:22-bk-14173-RB<br><br>**Chapter 13**<br><br>**REPLY IN SUPPORT OF MOTION TO AVOID LIEN**<br><br>**Hearing:**<br>Date: February 22, 2023<br>Time: 11:00 AM<br>Courtroom: 303 |

Debtors, Shu-Chen Wu and Geogiang Yue, hereby reply to the Opposition to Motion to Avoid Lien filed by Creditor, Emilio Ceron, as follows:

## POINTS AND AUTHORITIES

Prior to the enactment of Section 522(p), debtors with a substantial amount of non-exempt equity in their homes, could simply sell their property and move to a state that had a more generous homestead exemption, like Texas or Florida which have unlimited homestead exemptions. Section 522(p) was intended to close this loophole by capping the exemption at $125,000 for a period of 1,215 days.

Creditor is trying to take advantage of the poorly-written statute and is asking the Court to blindly apply it to a situation that is clearly not what Congress intended. The Ninth Circuit BAP addressed a similar situation in Caldwell v. Nelson (In re Caldwell), 545 B.R. 605 (B.A.P.

1

9th Cir. 2016). As in this case, the debtors purchased their homestead many years before the filing of the petition and there were several transfers of title prior to the filing of the petition, the last of which occurring within 1,215 days of the filing of the petition.  In Caldwell, the transfers were to and from their family trust and their wholly-owned corporation.  The debtors there asserted that although the LLC held title to their home, the debtors were the ones who paid the taxes, mortgage and insurance and they continued to use and consider the property as their own. The BAP addressed the issue of whether the debtors "acquired an interest" within 1,215 days of the filing of the petition. The court rejected the Trustee's argument that the debtors could not have claimed a homestead while the property was held in the name of the LLC and therefor, the Trustee argued, the debtor acquired an interest in the property within the meaning of Bankruptcy Code section 522(p). The debtor argued that he retained beneficial and equitable title to the property despite the transfers, having continuously resided in the property with his wife, and having paid the mortgage, taxes and insurance on the property. The Court found that ,"[p]lainly, the "equity" in the Property which is the subject of the exemption was the result of the payments by the Debtors over the years." Id. at 612. The BAP concluded that the debtor was not divested of all interest in the property by transferring the property to the LLC. In holding that the transfer of title from the LLC to the Family Trust did not constitute and "interest" that was "acquired" by the Debtor which would limit the amount of the homestead exemption which he could claim and that the statutory cap did not apply the Court stated:

> "In enacting §522(p)(1), we do not believe that Congress envisioned limiting a debtor's homestead exemption where as here (1) debtor purchased the property in 1994, well before the start of the 1215–day period, (2) continuously possessed and occupied the Property as his homestead, and (3) accumulated the "equity" by making regular mortgage payments throughout his occupancy."

### **CONCLUSION**

Aside from the §522(p) issue, the Opposition gives various critiques of the appraisal. However, neither Ceron nor his attorney are qualified to give these critiques. For the reasons stated above, it is respectfully requested that the motion be granted and the lien be avoided in its entirety.

Date: February 15, 2023

**NEXUS BANKRUPTCY**

_____
BENJAMIN HESTON,
Attorney for Debtors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**100 Bayview Circle, Suite 100
Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION TO AVOID LIEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 2/15/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)     notice-efile@rodan13.com
Fritz J Firman     firmanweber@gmail.com, centralservice.firmanweber@gmail.com
Benjamin Heston     bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 2/15/2023 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/15/2023 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**